UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STOCKFOOD AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action Case No. |
| PEARSON EDUCATION, INC., ) | |
| and JOHN DOE PRINTERS 1-10, ) | |
| ) | |
| Defendants ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff StockFood America, Inc. ("Plaintiff" or "StockFood") for its Complaint against Defendants Pearson Education, Inc. ("Pearson") and John Doe Printers 1-10, alleges:

### STATEMENT OF ACTION

1. This is an action for copyright infringement brought by Plaintiff, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by Pearson, against all Defendants for uses of Plaintiff's photographs without its authority or permission.

### JURISDICTION AND VENUE

2. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (copyright) and 1367 (supplemental jurisdiction).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## PARTIES

5. Plaintiff StockFood is a corporation duly organized under the laws of Maine, with its principal place of business in Kennebunk, Maine. StockFood is a stock photography agency that licenses photographs including the in-suit images, for distribution throughout the United States, including Maine.

6. Defendant Pearson is a Delaware corporation and publisher of educational textbooks. Pearson sells and distributes textbooks via its employees and agents in Maine and throughout the United States, including the publications and ancillary materials containing Plaintiff's photographs. At all times pertinent to the allegations herein, Pearson acted through its various imprints and divisions, as identified in Exhibit A.

7. John Doe Printers 1-10 printed some or all of the publications and ancillary materials containing Plaintiff's photographs, whose identities are known to Pearson but unknown to Plaintiff.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff is the owner and exclusive copyright holder of the attached photographic images ("Photographs"). The Photographs have been registered with the United States Copyright Office or complete applications, fees, and deposits for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

9. Between 1998 and 2009, StockFood sold Pearson limited licenses to use copies of the Photographs in numerous educational publications. The licenses StockFood granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit A.

10. StockFood granted the limited use licenses in response to Pearson's representations to StockFood that the use of the Photographs would not exceed the limitations contained in Pearson's license requests.

11. At the time Pearson represented to StockFood in its license requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

12. Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with StockFood, and to conceal the copyright infringements that followed. Pearson's false and misleading representations deceived StockFood and concealed the copyright infringements that followed.

13. When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses to StockFood. This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but StockFood had no such knowledge nor any reason to assume Pearson was being deceitful in the uses it was making of the Photographs.

14. Pearson's fraud was effective and worked as intended. For years the infringements that followed Pearson's fraud were concealed. But for StockFood's fortuitous discovery of Pearson's fraudulent acts, Pearson's infringing acts would still be concealed, as Pearson intended.

15. Pearson alone knows the full extent to which it has infringed StockFood's copyrights by violating StockFood's license limits.

16. On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson published photographs in its textbooks

in some instances without obtaining any permission, and had printed in excess of license limits in situations where licenses were obtained. Exhibit B.

17.  On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained." Exhibit C.

18.  On March 15, 2012, StockFood requested that Pearson provide StockFood with complete information regarding Pearson's unauthorized uses of StockFood's Photographs. Exhibit D. Pearson did not timely respond to StockFood's request, and when it did, it declined to provide most of the requested information.

19.  Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses granted by StockFood in the publications identified in Exhibit A.

20.  Upon information and belief, Pearson used the Photographs without *any* permission in some of the publications identified in Exhibit A and additional publications. Because Pearson alone knows these wholly unauthorized uses, StockFood cannot further identify them without discovery.

21.  Pearson's practice of infringing copyrights extends beyond the publications in Exhibit A. *See*, for examples, Exhibit E. While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of these publications, generating billions in revenue and profits. Pearson's business model, built on a foundation of pervasive copyright infringement, deprived Plaintiff and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

Since 2009, Pearson has been sued for copyright infringement in furtherance of the scheme described above in at least the following actions:

a. Eastern District of Pennsylvania: *Phil Degginger et al. v. Pearson Education, Inc. et al.*, No. 11-cv-01302-GKP.

b. Eastern District of Pennsylvania: *Jon Feingersh Photography, Inc. v. Pearson Education, Inc., et al.*, Case No. 2:11-cv-05122.

c. Eastern District of Pennsylvania: *Grant Heilman Photography, Inc. v. Pearson Education, Inc., et al.*, Case No. 5:11-cv-04649-LDD.

d. Southern District of New York: *Norbert Wu v. Pearson Education, Inc.*, No. 09-cv-6557-RJH (*Wu I*) (Wu's motion for class certification for Pearson's license violations granted September 30, 2011; Pearson's immediate appeal to the Second Circuit denied as unwarranted February 7, 2012) and *Norbert Wu v. Pearson Education, Inc.*, No. 10-cv-6537-RJH (*Wu II*), (class action certification for Pearson's uses without any licenses denied).

e. Southern District of New York: *Cole v. Pearson Education, Inc.*, No. 10-civ-7523.

f. Southern District of New York: *Psihoyos v. Pearson Education, Inc.*, No. 10-civ-5912-JSR.

g. District of Hawaii: *Pacific Stock, Inc. v. Pearson Education, Inc.*, No. 11-cv-00423-SOM-BMK.

h. District of Arizona: *Bean et al. v. Pearson Education, Inc.*, Case No. 3:11-cv-08030-PGR.

i.   District of Arizona: *DRK Photo v. Pearson Education, Inc. et al.*, Case No. 3:11-cv-08097-PGR.

j.   District of Colorado: *Viesti Associates, Inc. v. Pearson Education, Inc. et al.*, Case No. 11-cv-01687-PAB.

k.   District of Alaska: *Alaska Stock, LLC v. Pearson Education, Inc., et al.*, Case No. 3:11-cv-00162-TMB.

l.   Northern District of California: *Carr Clifton v. Pearson Education, Inc., et al.*, Case No. 5:11-cv-03640-PSG.

m.   Northern District of California: *Minden Pictures, Inc. v. Pearson Education, Inc.*, Case No. 3:11-cv-05385-WHA.

22.   StockFood has satisfied, or Defendants have waived, all conditions precedent to the filing of this Complaint. On StockFood licenses issued before January 10, 2001, StockFood agreed to forgo its right to sue if a licensee agreed to pay four times the normal price StockFood would have charged for unauthorized uses, within 10 days of billing. On StockFood licenses issued from January 11, 2006 to present, StockFood agreed to forgo its right to sue if a licensee agreed to pay 10 times the normal price StockFood would have charged for unauthorized uses, within 10 days of billing. Accordingly, on March 15, 2012, StockFood offered to settle all copyright infringement and contract claims relating to invoices issued to Pearson for four times (for pre-January 10, 2001 licenses) and for ten times (for post-January 10, 2006 licenses) the normal price it would have charged for the unauthorized uses made by Pearson. Exhibit D. The offer provided that it would expire in 10 days and was contingent on Pearson's agreement to disclose within a reasonable time its unauthorized uses and pay StockFood within 10 days of receipt of StockFood's billing for such unauthorized uses. Pearson did not accept StockFood's offer.

23. Pearson seeks judicially-conferred immunity for its widespread copyright infringements by this commit-the-perfect-crime approach:

    a. license for unrealistically low limits, giving Pearson access to the images and concealing its infringements because StockFood doesn't know if and when Pearson violates any particular license's limits,

    b. use beyond those limits without notice to StockFood,

    c. refuse to disclose its unauthorized uses when requested, and

    d. argue in court that infringement claims pleaded "on information and belief" – because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses – must be dismissed as unsupported by evidence and that only infringements Pearson publicly acknowledges before suit are actionable.

24. Upon information and belief, John Doe Printers 1-10 are the printers of the publications and ancillary materials containing Plaintiff's photographs, and they printed copies in excess of the licenses granted by Plaintiff and earned profits from such printings.

25. All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I
## (COPYRIGHT INFRINGEMENT AGAINST PEARSON)

26. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

27. The foregoing acts of Pearson constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

28. Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II
## (COPYRIGHT INFRINGEMENT AGAINST JOHN DOE PRINTERS 1-10)

29. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

30. The foregoing acts of John Doe Printers 1-10 in printing the publications containing Plaintiff's photographs constitute infringements of Plaintiff's copyrights in the Photographs, in violation of 17 U.S.C. §§ 501 *et. seq.*

31. Plaintiff suffered damages as a result of the unauthorized printing of its Photographs by John Doe Printers 1-10.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6.  Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: April 13, 2012

Plaintiff StockFood America, Inc., by its attorneys,

*/s/ Laura H. White*
Laura H. White
Bergen & Parkinson, LLC
62 Portland Road, Suite 25
Kennebunk, ME 04043
Telephone: (207) 985-7000
Facsimile: (207) 985-7707
lwhite@bergenparkinson.com

*Of Counsel:*
Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel: (610) 262-9288
Fax: (610) 262-9557
maurice@harmonseidman.com