UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STOCKFOOD AMERICA, INC., | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )   No. 2:12-cv-124-JAW |
| | ) |
| PEARSON EDUCATION, INC., | ) |
| | ) |
|     *Defendant* | ) |

### *MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND*

In this copyright infringement action, plaintiff StockFood America, Inc. ("StockFood") moves to file a second amended complaint removing unknown "John Doe" printer defendants and adding claims for vicarious and contributory infringement.  *See* Plaintiff's Motion for Leave To File Second Amended Complaint ("Motion") (ECF No. 29) at 1.  Defendant Pearson Education, Inc. ("Pearson") opposes the Motion insofar as it seeks to add the two new copyright infringement claims on the grounds that (i) the addition of those claims would be futile, (ii) the court lacks subject matter jurisdiction over the claims, and (iii) StockFood unduly delayed in seeking to add those claims, prejudicing Pearson.  *See* Defendant's Opposition to Plaintiff's Motion for Leave To File Second Amended Complaint ("Opposition") (ECF No. 31) at 1-2.  For the reasons that follow, I grant the Motion to allow the deletion of the "John Doe" defendants and the addition of the contributory infringement claim, and otherwise deny it.

**I.  Applicable Legal Standards**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on

1

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The scheduling order in this case established a cut-off date of September 19, 2012, for the filing of motions to amend. *See* ECF No. 27. The Motion was filed on that date. *See* Motion. Hence, the liberal default rule applies.

## II. Discussion

I group Pearson's objections to StockFood's motion to amend under two broad headings – futility (including a purported lack of subject matter jurisdiction over the new copyright infringement claims) and delay/prejudice.

### A. Futility

#### 1. Applicable Legal Standards

An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## 2. Factual Background

The proposed second amended complaint contains the following relevant factual allegations.[1]

1. StockFood, a Maine corporation with its principal place of business in Kennebunk, Maine, is a stock photography agency that licenses photographs for distribution throughout the United States. [Proposed] Second Amended Complaint and Demand for Jury Trial ("Proposed Complaint") (ECF No. 30) ¶ 5. Pearson, a Delaware corporation, is a publisher of educational textbooks, which it sells and distributes *via* employees and agents in Maine and throughout the United States. *Id*. ¶ 6.

2. Prior to the commencement of this action, the copyright holders granted StockFood co-ownership of the copyrights to the photographic images depicted in Exhibit A to the Proposed Complaint ("Photographs"). *Id*. ¶ 7; Exh. A (ECF No. 30-1) thereto.[2]

3. Between 1989 and 2009, StockFood sold Pearson limited licenses to use copies of the Photographs in numerous educational publications. Proposed Complaint ¶ 9. The licenses were expressly limited by number of copies, distribution area, language, duration, and/or media, as set forth in Exhibit A. *Id*.; Exh. A thereto.

4. On May 3, 2010, and January 13, 2011, Julie Orr, Image Manager, Rights and Permissions, for Pearson's Curriculum Group, testified that Pearson published photographs in its textbooks in some instances without obtaining any permission and, in other instances, had

---

[1] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Id*. "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility." *Id*. (citation and internal quotation marks omitted).
[2] Exhibit A lists 76 images. *See* Exh. A to Proposed Complaint.

printed in excess of license limitations. Proposed Complaint ¶ 16; Exh. B (ECF No. 30-2) thereto.

5. On March 15, 2012, StockFood requested that Pearson provide it with complete information regarding Pearson's unauthorized uses of the Photographs. Proposed Complaint ¶ 18; Exh. D (ECF No. 30-4) thereto. Pearson did not timely respond to StockFood's request and, when it belatedly responded, it declined to provide most of the requested information. Proposed Complaint ¶ 18.

6. Upon information and belief, Pearson used the Photographs without any permission in some of the publications identified in Exhibit A and in additional publications. *Id*. ¶ 20. Because Pearson alone knows these wholly unauthorized uses, StockFood cannot further identify them without discovery. *Id.*

7. Upon information and belief, Pearson reproduced and distributed the Photographs without StockFood's permission to other entities, subsidiary companies, divisions, affiliates, and/or third parties ("Third Parties"). *Id*. ¶ 24. Upon information and belief, the reproductions and distribution took place in the United States. *Id*.

8. Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without StockFood's permission. *Id*. ¶ 25. Upon information and belief, the Third Parties' unauthorized use of the Photographs occurred in whole or in part in the United States. *Id*. ¶ 26.

9. Upon information and belief, when Pearson licenses translation rights to Third Parties, it transmits the electronic file for the Third Party's use. *Id*. ¶ 27. Upon information and belief, Pearson permits Third Parties to distribute its books in new territories without changing

the content, to translate its books into new languages, and to adapt its books for distribution in additional territories.  *Id*. ¶ 28.

   10. Upon information and belief, Pearson (i) knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute them without StockFood's authorization and (ii) knew that the Third parties were in fact reproducing and distributing them without StockFood's authorization.  *Id*. ¶¶ 29-30.  Upon information and belief, Pearson had the right and ability to supervise the Third Parties' use of the Photographs.  *Id*. ¶ 31.

   11. Upon information and belief, Pearson directly profited from its reproduction and distribution of the Photographs to the Third Parties.  *Id*. ¶ 33.  Documents that Pearson produced in discovery in this action show that these Third Parties pay Pearson a percentage of their sales of these products for translation or adaptation rights, including access to all of the content in the publications.  *Id*.

### 3. Discussion

#### a. Asserted Pleading Deficiencies

The Supreme Court has explained:

> One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.  Although the Copyright Act does not expressly render anyone liable for infringement committed by another, these doctrines of secondary liability emerged from common law principles and are well established in the law.

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 930-31 (2005) (citations, internal punctuation, and footnote omitted).  "Absent an actionable claim for direct copyright infringement, the claims for contributory or vicarious infringement must also fail."  *Greenspan v. Random House, Inc*., 859 F. Supp.2d 206, 219 (D. Mass. 2012), *aff'd*, 2012 WL 5188792 (1st Cir. 2012).

Pearson first argues, as a general matter, that the Proposed Complaint does not meet the pleading standards of *Twombly* and *Iqbal* in that it offers only a formulaic recitation of the elements of the causes of action, devoid of necessary factual allegations, and, worse, grounds those recitations on information and belief. *See* Opposition at 3-4.

Pearson elaborates that:

1. Despite months of discovery, the Proposed Complaint fails to set forth any act of direct infringement by a Third Party, including the identity of any such party, where or when such a party acted, and the instances in which any such party purportedly copied any of the Photographs without permission. *See id*. at 4-5.

2. Even if the Proposed Complaint adequately alleged direct infringement by a Third Party, it fails to allege culpable conduct by Pearson. *See id*. at 5-7. It (i) alleges only that Pearson distributed the Photographs in its publications to Third Parties, which falls short of conduct amounting to a knowing inducement or material contribution to a third party's infringement, and (ii) fails to allege facts to support the conclusory allegations that Pearson "had the right and ability to control the infringing conduct of other entities" or "received a direct financial benefit from the unauthorized use of the Photographs." *Id*. (quoting Proposed Complaint ¶¶ 43-44). Although the Proposed Complaint does allege that Third Parties paid Pearson a percentage of their sales of the products at issue, such a payment does not, in Pearson's view, plausibly establish that it did anything improper with respect to the Photographs. *See id*. at 5-6.

Pearson observes that the United States District Court for the Eastern District of Pennsylvania recently denied a motion filed by the same attorneys to add similar claims for contributory and vicarious infringement on behalf of a different plaintiff, holding that the

plaintiff's "vague, broadly-worded assertion does not provide enough factual support to survive a motion to dismiss under Rule 12(b)(6)." *See* Opposition at 6-7 (quoting Order, *Grant Heilman Photography, Inc. v. Pearson Educ., Inc*., NO. 11-cv-4649, slip op. at 2 (E.D. Pa. July 26, 2012) ("*Heilman* Order")*,* Exh. A (ECF No. 31-1) to Opposition).

StockFood's allegations in the Proposed Complaint bearing on its claims of contributory and vicarious copyright infringement are substantially similar, although not identical, to those in the proposed complaint at issue in *Heilman*.  *Compare* Proposed Complaint ¶¶ 24-33 *with* [Proposed] First Amended Complaint, *Heilman* ("*Heilman* Complaint"), Exh. B (ECF No. 31-2) to Opposition, ¶¶ 34-39.  I reach the same conclusion as did the *Heilman* court with respect to the claim of vicarious copyright infringement.  The Proposed Complaint is too bare-bones, as to that cause of action, to survive a motion to dismiss.  Nonetheless, I conclude that the Proposed Complaint, which contains some factual allegations not found in the *Heilman* Complaint, would survive a motion to dismiss with respect to the claim of contributory copyright infringement.

Pearson first challenges both claims on the basis that the Proposed Complaint falls short of adequately alleging direct infringement by Third Parties, in the absence of which neither claim can be sustained.  *See* Opposition at 4-5.  StockFood rejoins that Pearson has declined to provide the details of Third Party infringement in response to discovery requests on the basis that they are not relevant to the "claims in suit" – a default that StockFood says will be the subject of a forthcoming motion to compel[3] – and that, in any event, the Proposed Complaint adequately alleges direct infringement by the Third Parties.  *See* Plaintiff['s] Reply on Motion for Leave To File Second Amended Complaint ("Reply") (ECF No. 32) at 3-5.  I agree.

---

[3] Local Rule 26(b) prohibits written discovery motions without the prior approval of a judicial officer.

StockFood alleges that Pearson reproduced the Photographs and then distributed them to Third Parties without its permission and that the Third Parties then translated publications containing the Photographs into additional languages or published them in local adaptations or reprints without its permission. *See* Proposed Complaint ¶¶ 24-25. StockFood further alleges that the Third Parties' unauthorized use of the Photographs took place in whole or in part in the United States. *See id*. ¶ 26. Accordingly, StockFood supplies sufficient factual matter to allow the court to draw a plausible inference that the Third Parties directly infringed its copyrights in the Photographs. *See Litecubes, LLC v. Northern Light Prods., Inc.*, 523 F.3d 1353, 1371 (Fed. Cir. 2008) ("[T]he Copyright Act does not explicitly require that sales be in the United States, and courts have generally held that the Copyright Act only does not reach activities that take place *entirely* abroad.") (citation and internal quotation marks omitted) (emphasis in original).

Given Pearson's superior knowledge of the underlying facts, StockFood's reliance on "information and belief" does not prevent the Proposed Complaint from stating a plausible claim of entitlement to relief as against Pearson. *See, e.g., Arista Records LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.") (citations and internal quotation marks omitted); *Wright v. Lehigh Valley Hosp. & Health Network*, Civil Action No. 10-431, 2011 WL 2550361, at *3 (E.D. Pa. June 23, 2011) ("Although defendants take strong issue with Wright's use of 'upon information and belief' pleading, the allowance of pleading upon information and belief has been held to be appropriate under the *Twombly/Iqbal* regime where the facts required to be pled are uniquely in the control of the defendant.").

Nor does StockFood's failure to enumerate specific details of the alleged Third Party infringement prevent the Proposed Complaint from adequately alleging direct infringement by the Third Parties. *See, e.g., American Inst. of Physics v. Schwegman Lundberg & Woessner, P.A.*, Civ. No. 12-528 (RHK/JJK), 2012 WL 3799647, at *3 (D. Minn. July 2, 2012) ("A plaintiff asserting *fraud* must plead 'the who, what, when, where, and how' of its claim because Federal Rule of Civil Procedure 9(b) subjects such a claim to a heightened-pleading requirement. But no similar requirement exists for copyright plaintiffs, who are constrained only by Federal Rule of Civil Procedure 8(a)(2), requiring 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Here, Plaintiffs have alleged that Defendants copied their protected works; they need not suffuse their Complaint with details regarding when, or the precise manner in which, such copying occurred.") (citations omitted) (emphasis in original).[4]

StockFood also pleads sufficient facts for the court to draw a plausible inference of contributory infringement by Pearson. "A party may be liable for contributory copyright infringement if it (1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct." *Med-Sys., Inc. v. Masterson Mktg., Inc.*, No. 11CV695 JLS (BLM), 2011 WL 5873399, at *6 (S.D. Cal. Nov. 23, 2011) (citation and internal quotation marks omitted).

With respect to the first element, StockFood alleges that Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute them without StockFood's authorization and knew that the Third Parties were in fact doing so.

---

[4] Moreover, as discussed below with respect to the issue of alleged undue delay in filing the Motion, StockFood explains that Pearson had refused, as of the time of the filing of the Motion, to (i) provide requested discovery in this case that would flesh out details of the Third Party infringement or (ii) permit StockFood to import into the Proposed Complaint, from parallel copyright infringement cases, factual information that was labeled as "confidential" and provided pursuant to a confidentiality order entered in those other cases.

*See* Proposed Complaint ¶¶ 29-30. This suffices to allege knowledge of the Third Parties' infringing activities. *See, e.g.*, *Acosta v. United States*, No. Civ. 04-265-P-S, Civ. 03-116-GZS, 2005 WL 757581, at *2 (D. Me. Feb. 16, 2005) (rec. dec., *aff'd* Mar. 28, 2005) (noting the "usual rule" that "malice, intent, knowledge, and other condition of mind of a person may be averred generally") (citation and internal punctuation omitted).

With respect to the second element, StockFood alleges that, pursuant to licenses between Pearson and the Third Parties, Pearson transmitted electronic files containing the Photographs to the Third Parties knowing that they (the Third Parties) would reproduce and distribute the Photographs without StockFood's permission. *See* Proposed Complaint ¶¶ 27-29. These allegations, taken as true for purposes of the Motion, suffice to show that Pearson induced, caused, or materially contributed to the Third Parties' infringement.[5]

Nonetheless, I agree with Pearson that StockFood's claim of vicarious copyright liability fails to state a claim upon which relief can be granted. A claim for vicarious copyright liability entails a showing that a defendant has "the right and ability to supervise the infringing activity" and has "a direct financial interest" in the activity. *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2008 WL 5099691, at *2 (M.D. Fla. Nov. 25, 2008). StockFood adequately pleads the second element by alleging that the Third Parties pay Pearson a percentage of their sales of the products at issue for translation or adaptation rights, including access to all of the content in the publications. *See* Proposed Complaint ¶ 33.

---

[5] Pearson cites two cases for the proposition that merely supplying means to accomplish infringing activity cannot give rise to the imposition of liability for contributory infringement. *See* Opposition at 5 (citing *Capitol Records, Inc. v. Foster*, No. Civ. 04-1569-W, 2007 WL 1028532 (W.D. Okla. Feb. 6, 2007); *Newborn v. Yahoo!, Inc.*, 391 F. Supp.2d 181 (D.D.C. 2005)). Both cases are distinguishable. In *Capitol Records*, the complaint was "devoid of any suggestion that [the defendant] knew third parties were using her account to infringe the plaintiffs' copyrights or that she substantially participated in any infringing activities." *Capitol Records*, 2007 WL 1028532, at *3. In *Newborn*, the complaint contained "brief, conclusory statements, which are accompanied by no factual support," and did not allege that "the defendants' activities were anything more than the mere operation of the website businesses." *Newborn*, 391 F. Supp.2d at 189 (citation and internal quotation marks omitted).

However, StockFood relies on a "formulaic recitation of the elements of a cause of action[,]" *Twombly*, 550 U.S. at 555, with respect to the second element, alleging that "[u]pon information and belief, Pearson had the right and ability to supervise the Third Parties' use of the Photographs[,]" Proposed Complaint ¶ 31. StockFood alleges no facts that would allow the court to conclude that this was the case. It asserts merely that some of the Third Parties were subsidiary companies, divisions, or affiliates of Pearson, *see id.* ¶ 24, and that Pearson licensed translation rights to them, *see id.* ¶ 27. In the absence of further detail regarding the nature of the relationship between Pearson and its affiliates or subsidiaries or the terms of the licensing agreements at issue, one cannot draw a reasonable inference that Pearson had the right and ability to supervise any of the Third Parties' infringing activities. *See, e.g., Pegasus*, 2008 WL 5099691, at *2 ("A parent corporation cannot be held liable for the infringement of its subsidiary unless there is a substantial and continuing connection between the infringing acts of the parent and subsidiary.") (citation and internal quotation marks omitted).

Thus, the Motion must be denied with respect to the addition of a claim for vicarious copyright infringement against Pearson.

### b. Asserted Lack of Subject Matter Jurisdiction

Pearson next argues that StockFood's bid to add the new claims is futile on another basis: that the court would lack subject matter jurisdiction over them because they are premised on direct infringements that allegedly occurred outside of the United States. *See* Opposition at 7-8. StockFood rejoins that its claims are subject to a well-established exception to the general rule that the Copyright Act does not apply to extraterritorial infringements. *See* Motion at 3; Reply at 7.

As a threshold matter, according to my research, courts have split on the matter of whether extraterritorial infringement implicates a court's subject matter jurisdiction; the better view, adopted by the United States Court of Appeals for the Federal Circuit, is that it does not. *See Litecubes*, 523 F.3d at 1362, 1368 (following the "readily administrable bright line rule" set forth in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character"; holding that, because "[t]here is no indication that Congress intended the extraterritorial limitations on the scope of the Copyright Act to limit the subject matter jurisdiction of the federal courts[,] . . . the issue is properly treated as an element of the claim which must be proven before relief can be granted, not a question of subject matter jurisdiction") (citation and internal quotation marks omitted); *Luar Music Corp. v. Universal Music Grp., Inc.*, 861 F. Supp.2d 30, 39 n.5 (D.P.R. 2012) (noting split; following *Litecubes* approach). Therefore, even assuming *arguendo* that the new claims implicate solely extraterritorial infringement, that does not deprive the court of subject matter jurisdiction.

In any event, I agree with StockFood that it has pleaded sufficient factual matter to state a claim with respect to the "predicate act" exception. *See, e.g., Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 306 (4th Cir. 2012) ("As a general matter, the Copyright Act is considered to have no extraterritorial reach.  But courts have recognized a fundamental exception: when the type of infringement permits further reproduction abroad, a plaintiff may collect damages flowing from the foreign conduct.") (citations and internal quotation marks omitted).  StockFood alleges an infringement in the United States – Pearson's unauthorized copying of the Photographs for distribution to the Third Parties – that permitted further infringement (unauthorized copying and distribution) abroad.  *See* Proposed Complaint

¶¶ 24-30. These allegations, taken as true for purposes of the Motion, suffice to trigger the predicate exception. *See, e.g., Stolle Mach. Co. v. RAM Precision Indus.*, No. 3:10-cv-155, 2011 WL 6293323, at *13 (S.D. Ohio Dec. 15, 2011) ("In this case, it was the initial unauthorized copying that occurred in the United States that allowed the subsequent infringement overseas.").

### B. Asserted Undue Delay and Prejudice

Pearson finally contends that the court should deny the Motion on the grounds of StockFood's undue delay in seeking to add the new claims and the resulting prejudice to Pearson. *See* Opposition at 8-10. StockFood argues that it filed the Motion expeditiously based on documents produced in discovery and that there is no discernible prejudice to Pearson. *See* Motion at 4-5; Reply at 1-2. StockFood has the better argument.

StockFood filed the instant Motion on September 19, 2012, the deadline for filing motions to amend, which was two-and-a-half months prior to the close of discovery on December 5, 2012. *See* ECF No. 27. Pearson argues that StockFood nonetheless demonstrated undue delay, bad faith, and a lack of due diligence because (i) StockFood has known since at least 1998 that Pearson's foreign affiliates have been using StockFood's images and, (ii) as of September 19, 2012, StockFood's counsel had been in possession of the relevant Pearson documents for more than two months in this case and more than a year in other cases in which other plaintiffs have filed similar copyright actions against Pearson. *See* Opposition at 8-9 & n.2. Pearson argues that, "[t]o the extent that the information was subject to protective orders in those other cases, Plaintiff's counsel could have, as it did in other instances, sought permission to use the information outside of those cases or it could have sought expedited production of the information here, but Plaintiff's counsel did neither." *Id*. at 9 n.2.

StockFood rejoins that, (i) although it previously knew about alleged infringements relating to foreign affiliates' *licensed* uses of its images in translations, it did not know until recently that Pearson was copying and transmitting its images to third parties *without any license at all, see* Reply at 4 n.14, (ii) it did not receive discovery in this case bearing on the new claims until July 2012 and, even then, Pearson refused to respond to discovery requests aimed at eliciting more detailed information regarding third-party usage no grounds that it was irrelevant to the claims at issue, *see id*. at 3 & 5 n.22, and (iii) while Pearson has produced other, more detailed documents in parallel copyright infringement cases against it, those documents were labeled "confidential" and were subject to a protective order prohibiting StockFood's counsel from using them in other cases, *see id*. at 5.

StockFood explains that, as of the time of the filing of its reply brief (October 24, 2012), it had not as yet moved to compel the production of responsive documents because it had engaged in two "meet and confers" with Pearson over these discovery disputes on September 21, 2012, and October 16, 2012, and Pearson had promised to complete its production by late October. *See id*. at 5 n.22. It also points out that, upon being presented with a draft version of the Proposed Complaint, Pearson protested the inclusion therein of information from documents and deposition transcripts that were designated confidential under protective orders entered in this and other cases. *See id*. at 5-6; Exh. 3 (ECF No. 32-3) thereto.

In these circumstances, StockFood displayed neither undue delay, bad faith, nor a lack of due diligence when it filed the instant Motion on September 19, 2012. *See Bean v. Pearson Educ., Inc*., No. CV 11-8030-PCT-PGR, 2012 WL 1716021, at *1 (D. Ariz. May 15, 2012) (finding that plaintiffs timely raised new fraud claims when critical documents had been received on a rolling basis from January 2012 to the present).

Nor, in any event, does Pearson demonstrate that it would suffer prejudice as a result of the allowance of the amendment. *See Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 678 (D. Kan. 1989) (the party opposing amendment has the burden of showing prejudice). Pearson complains that it will not have adequate time to respond to the new complaint, engage in discovery relating to the "baseless" claims, and prepare for and participate in the pre-filing summary judgment conference that is required by Local Rule 56(h). *See* Opposition at 9. However, it does not explain why this is so. *See id*. Beyond this, as StockFood points out, it put Pearson on notice in both its original and first amended complaints that it alleged that Pearson had used some images without any permission, although it could not identify those uses without discovery, *see* Motion at 4-5; Complaint and Demand for Jury Trial ("Original Complaint") (ECF No. 1) ¶ 20; First Amended Complaint and Demand for Jury Trial (ECF No. 6) ¶ 21, and the new claims concern the same images at issue since the inception of this suit, *compare* Exh. A (ECF No. 1-1) to Original Complaint *with* Exh. A to Proposed Complaint.[6]

### III. Conclusion

For the foregoing reasons, StockFood's motion to amend its complaint is **GRANTED** in part, to the extent that StockFood may remove unknown "John Doe" printer defendants and add a claim for contributory infringement, and is otherwise **DENIED**. StockFood shall file a second amended complaint consistent herewith within 10 days of the date of this order.

---

[6] I find only one difference between the version of Exhibit A attached to the Original Complaint and that attached to the Proposed Complaint: StockFood deleted one photograph, No. 11.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 29th day of November, 2012.

                                          /s/  John H. Rich III
                                          John H. Rich III
                                          United States Magistrate Judge